*A. J. Adams, Leslie & Botts, for appellant.*

*J. W. Ritter, for appellee.*

---

J. H. EUBANK et al. v. WHEAT, BAKER & CO.

**Instructions — Liability of Sheriff to Make Levy — Value of Property.**

An instruction that says "If the jury believe from the evidence that plaintiffs by themselves or attorney informed Eubank of defendant, Dodd having property in his possession, and he did in fact have property subject to plaintiffs' execution, and directed him to go and levy upon it, it was his duty to do so if he had the execution there in his hands, and if he failed to do so, and the plaintiffs' debt was thereby lost, or any part of it, he and his sureties are responsible for the debt or for the value of said property then subject to said execution" is held to be erroneous, as it seeks to establish a responsibility upon mere information and gives the jury the alternative of fixing damages to the amount of the judgment, or the value of the property subject to execution.

**Same.**

> Where there is no value fixed upon property by witness it is error to leave the assessing of such value to the jury, or to instruct as to a criterion by which a value could be arrived at.

APPEAL FROM BARREN CIRCUIT COURT.

April 24, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Whether the verdict of the jury was sustained by the evidence, or whether the preponderance was so strong against the finding as to authorize this court to interpose, need not be discussed or determined, as we are of the opinion that the objections to some of the instructions given at the instance of appellees to the jury must be fatal to the judgment.

In the first instruction they are told " if they believe from the evidence that plaintiffs, by themselves or attorney, informed Eubank of defendant Dodd having property in his possession, and he did in fact have property subject to plaintiff's execution, and directed him to go and levy upon it, it was his duty to do so, if he had the execution then in his hands, and if he failed to do so, and the plaintiff's debt was thereby lost, or any part of it, he and his sureties are responsible for the debt, or for the value of said property then subject to said execution."

By this instruction the jury are, in effect, told if the sheriff was informed by the plaintiffs or their attorney that Dodd had property in his possession and he did actually have it in possession, it was his duty to levy the execution, and his failure to do so fixed the responsibility of himself and sureties; although he might have used extraordinary efforts and exercised the utmost diligence to levy the execution and to seize the property, as if the reception of the information that Dodd had property in his possession, from the plaintiffs of their attorney, fixed the liability, if the sheriff then failed to make the levy, regardless of any preventing cause.

The instruction is further objectionable in regard to the extent or amount of responsibility fixed therein which the sheriff and his sureties incurred by a failure to make the levy. The jury were told that if the plaintiffs' debt was thereby lost, or any part of it, he and his sureties were responsible *for the debt, or for the value of said property then subject to said execution,* using the

alternative word *or,* leaving it discretionary with the jury to find the full amount of the debt, or the value of the property, as they pleased, when they should have been told that the criterion to govern them in their finding was the damage sustained by the plaintiffs by reason of the failure of the sheriff to levy the execution on Dodd's property subject thereto.

The second and last instruction asked by appellee is objectionable also as to the criterion of damages, especially in view of the fact that no value was fixed on the property by the witnesses, and the jury were left to fix their own value from the description given by the witnesses, nor were these objections removed by the other instructions.

Wherefore, the judgment is *reversed,* and the cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*Harlan & Harlan, for appellant.*

*James, Leslie & Botts, for appellee.*